IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DISTRICT

| BENJAMIN RUCKER,<br><br>　　　　　Plaintiff<br><br>v.<br><br>JACOB L. LEW, Secretary of the United States Treasury,<br><br>　　　　　Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:13-cv-00944-DBP<br><br>Magistrate Judge Dustin B. Pead |
|---|---|

## BACKGROUND

The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). (Dkt. 12.) Plaintiff Benjamin Rucker ("Plaintiff") brings this suit against the Secretary of Treasury ("Defendant") alleging that his former employer, the Internal Revenue Service ("IRS"), discriminated against Plaintiff when it denied him a promotion. Presently before the Court is Plaintiff's motion to amend his complaint. (Dkt. 27.) In addition to reviewing the parties' briefing on this issue, the Court heard oral argument on August 24, 2015. (Dkt. 34.)

## ANALYSIS

Plaintiff argues that the amendment is necessary because a recent unpublished Tenth Circuit decision changed the pleading requirements for a constructive discharge claim. (*See* Dkt. 27 at 9 (citing *Chavez-Acosta v. Southwest Cheese Co., LLC*, No. 13-2227, 2015 WL 1768989 (10th Cir. 2015).) Plaintiff asserts that *Chavez-Acosta* "clarified" Tenth Circuit filing standards to require that constructive discharge claims be explicitly pled as a separate cause of action. (Dkt. 27.) Plaintiff argues "that had Chavez-Acosta amended her complaint to expressly include

the constructive discharge claim, the case would not have been dismissed for jurisdiction issues." (Dkt. 27 at 11.)

Defendant argues that the *Chavez-Acosta* case did not change Tenth Circuit law and that the motion for leave to amend should be denied because it is futile. (Dkt. 28.) Specifically, Defendant suggests that the amendment is futile because Plaintiff did not exhaust his administrative remedies for the constructive discharge claim he seeks to add here.

### I. **Plaintiff's motion to amend is denied because the Court lacks subject-matter jurisdiction over the proposed constructive discharge claim.**

The Court lacks subject-matter jurisdiction over Plaintiff's constructive discharge claim because Plaintiff did not exhaust his administrative remedies. "[E]xhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002). A plaintiff must timely file an administrative charge in order to preserve a claim based on each "discrete discriminatory act [ ]." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 at 113 (2002). In an unpublished decision, the Tenth Circuit found that constructive discharge constitutes a discrete discriminatory act. *Chapman v. Carmike Cinemas* 307 F. App'x 164, 174 (10th Cir. 2009) (citing *Draper v. Coeur Rochester, Inc.,* 147 F.3d 1104 (9th Cir.1998) *and Young v. Nat'l Ctr. for Health Servs. Research,* 828 F.2d 235 (4th Cir.1987)).

It is undisputed that Plaintiff did not bring a claim for constructive discharge before the EEOC. Thus, the Court lacks subject-matter jurisdiction over this claim.

Plaintiff argues that the Court has jurisdiction over the constructive discharge claim because it "arises from the same events for which the EEOC action had already been amended to include a claim of retaliation." (Dkt. 30 at 5.) Similar arguments have been previously rejected by the Tenth Circuit.

First, in the case on which Plaintiff most heavily relies, *Chavez-Acosta*, the Tenth Circuit dismissed plaintiff's constructive discharge claim because the plaintiff failed to exhaust her administrative remedies. *See* No. 13-2227, 2015 WL 1768989, *4 (10th Cir. 2015). While the *Chavez-Acosta* plaintiff filed an administrative complaint that included claims that she endured a hostile work environment, she did not allege constructive discharge. Nor did she ever amend her administrative complaint to include a charge of constructive discharge. *See id.* The *Chavez-Acosta* plaintiff argued, similar to Plaintiff here, that the court had subject-matter jurisdiction because her constructive discharge claim was "premised on a hostile work environment" and she had exhausted the hostile work environment claim. *Id.* This argument was unsuccessful.

Second, in *Chapman v. Carmike Cinemas*, the Tenth Circuit found that a constructive discharge claim is a "discrete discriminatory act" that must be exhausted, even if other similar discriminatory conduct related to the constructive discharge has already been exhausted. *Chapman*, 307 F. App'x at 174. The following excerpt is instructive:

> A plaintiff must timely file an administrative charge in order to preserve a claim based on a "discrete discriminatory act [ ]." *Morgan*, 536 U.S. at 113, 122 S.Ct. 2061. We recognize that a constructive discharge may be akin to a hostile environment claim in that a constructive discharge theory generally rests on a series of discriminatory events and incidents. But when the constructive discharge is complete-i.e., when the employee resigns-the discharge is most akin to a wrongful discharge by the employer, which is a discrete and identifiable act. *See Draper v. Coeur Rochester, Inc.,* 147 F.3d 1104, 1110 (9th Cir.1998) ("Constructive discharge is, indeed, just one form of wrongful discharge."); *Young v. Nat'l Ctr. for Health Servs. Research,* 828 F.2d 235, 238 (4th Cir.1987) (characterizing a constructive discharge as "a distinct discriminatory act for which there is a distinct cause of action"). Accordingly, we conclude that a claim of constructive discharge requires filing an administrative charge.
>
> *Id.*

The facts here are materially indistinguishable from *Chapman* and *Chavez-Acosta*. Accordingly, Plaintiff's motion to amend is futile because this Court lacks subject-matter jurisdiction over his constructive discharge claim.

Finally, Plaintiff suggested at oral argument that he should be allowed to amend his complaint as a matter of practicality. Respectfully, the Court finds that granting the amendment would be somewhat impractical because Plaintiff would be proceeding on a claim over which the Court does not have subject-matter jurisdiction. Even if Plaintiff were successful at trial on such a claim, the victory would ring hollow. Subject-matter jurisdiction may be raised at any time, and indeed must be raised by any reviewing court. *See Chavez-Acosta*, No. 13-2227, 2015 WL 1768989 at *4.

## ORDER

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Amend Complaint without prejudice, pending administrative exhaustion of Plaintiff's constructive discharge claim. (Dkt. 27.)

Dated this 25th day of August, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge